**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGRID LEMUS-GONZALEZ, | No. 07-71403 |
| Petitioner, | Agency No. A098-402-186 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2010[**]
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and MOSMAN, District
Judge.[***]

Ingrid Lemus-Gonzalez, a native and citizen of El Salvador, petitions for

review of the denial of her claims for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael W. Mosman, United States District Judge for
the District of Oregon, sitting by designation.

protection under the Convention Against Torture for failure to establish identity and to prosecute her claims in a timely fashion. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

When the BIA uses its summary affirmance procedure, the IJ's decision "becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004)).

The IJ abused his discretion by denying Lemus a continuance to comply with the fingerprinting requirement. *See Cui v. Mukasey*, 538 F.3d 1289 (9th Cir. 2008); *Karapetyan v. Mukasey*, 543 F.3d 1118 (9th Cir. 2008). As in *Cui*, the evidence here was "vital to the success of [Lemus's] petitions." *Cui*, 538 F.3d at 1292-93. Granting a continuance would not have resulted in any cognizable inconvenience to the court or to the government. *See id.* at 1295. The afternoon of October 18, 2005, had already been reserved for Lemus-Gonzalez's merits hearing, "so allowing [Lemus] to present testimony on her claims during that time period would not have required the IJ to devote any additional time to [Lemus's] case." *Id.* Lemus had previously requested only one continuance, and her conduct was not unreasonable. *See id.* at 1293. The record reflects that Lemus could neither speak nor read English, so the English language written instructions given to her

2

were of no help.  Further, her attorney explained that he had failed to tell Lemus she needed to submit her fingerprints.  Finally, Lemus, who did submit several other documents substantiating her identity, explained that she was nervous and (like Cui) forgot this one requirement.  *See id.* at 1291.  The IJ's stated reason for denying relief, his "crowded calendar," was not reasonable.

In these circumstances, it was an abuse of discretion for the IJ to deny Lemus a continuance to submit her fingerprints, and so it was also an abuse of discretion to deny her claims for relief outright on the basis of her failure to do so. We grant Lemus's petition and remand for further proceedings.

GRANT and REMAND.